PEOPLE v KENNETH JOHNSON

Docket No. 79021. Submitted April 8, 1985, at Detroit.—Decided July 2, 1985. Leave to appeal denied, 424 Mich __.

Defendant, Kenneth Johnson, was convicted following a bench trial in the Recorder's Court for the City of Detroit of unarmed robbery and assault with intent to commit unarmed robbery. He was acquitted on a charge of assault with intent to commit murder. The trial court, James E. Roberts, J., sentenced him to from 8 to 15 years imprisonment. The facts indicate that before trial defendant's original counsel moved to quash the information arguing that the examining magistrate abused his discretion in binding defendant over for trial on charges of armed robbery, assault with intent to rob while armed and assault with intent to commit murder. The motion was granted and the trial court reduced the charges to unarmed robbery, assault with intent to do great bodily harm less than murder and assault with intent to rob while unarmed. The Court of Appeals thereafter granted the prosecution leave to appeal. Defendant's counsel did not file a brief in opposition to the application for leave to appeal. The Court of Appeals determined that the examining magistrate did not abuse his discretion in binding defendant over for trial and issued an order vacating the trial court's order reducing the charges and remanding the case back to Recorder's Court for reinstatement of the original charges and for trial. Prior to trial, defendant dismissed his retained counsel and counsel was appointed for him. On the day of trial, defendant requested new counsel because his appointed counsel refused to appeal from the adverse decision by the Court of Appeals. The trial court denied defendant's request. Defendant appeals. *Held:*

  1. Defense counsel's pretrial failure to file an appellate brief

REFERENCES FOR POINTS IN HEADNOTES

[1-5] Am Jur 2d, Criminal Law §§ 739-763, 967-992.
Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

[6] Am Jur 2d, Criminal Law §§ 588 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

in opposition to the prosecutor's application for leave to appeal to the Court of Appeals was treated by the Court of Appeals as an omission committed by trial counsel, rather than as a failure to represent the defendant as appellate counsel. However, the evidence supported the original bind over. Therefore, defendant was not prejudiced by defense counsel's failure to oppose the prosecutor's application for leave to appeal. Defendant was not denied the effective assistance of counsel in this regard.

2. The trial court did not abuse its discretion in refusing to grant the defendant a new lawyer and a continuance on the day of trial. Defendant's request was not timely or supported by a showing of good cause.

3. The trial court did not abuse its discretion in imposing a sentence which exceeded the sentencing guidelines.

Affirmed.

1. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

A motion for a new trial or an evidentiary hearing is generally a prerequisite to appellate review of a claim of ineffective assistance of counsel; however, the absence of such a motion is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit the Court of Appeals to reach and decide the issue.

2. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL — FOURTEENTH AMENDMENT.

A criminal defendant is entitled, pursuant to the Fourteenth Amendment, to the effective assistance of appellate counsel in a first appeal as of right (US Const, Am XIV).

3. CRIMINAL LAW — TRIAL — TRIAL COUNSEL — APPEAL.

Trial counsel remains "trial counsel" throughout pretrial, trial and sentencing proceedings even though he or she, during the course of a defendant's representation, is faced with various appellate duties.

4. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

The record must support a defendant's claim of ineffective assistance of counsel and exclude all hypotheses consistent with the view that the trial attorney represented him adequately for a defendant to prevail on such a claim.

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL — SUBSTITUTION OF COUNSEL — APPEAL.

An indigent defendant is constitutionally guaranteed the right to

counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced; the appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process; a trial court's decision on a request for substitution or a continuance will not be reversed on appeal absent a showing of an abuse of discretion.

6. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing judge is permitted to depart from the recommended minimum ranges imposed by the sentencing guidelines where he follows the departure policy set forth in the guidelines and states the reasons for such departure on the record; the judge's exercise of discretion in this regard will be reviewed to determine whether the sentence imposed shocks the judicial conscience; it is not an abuse of discretion for a judge to rely on some of the same factors already considered in the sentencing guidelines as a basis for departing from the recommended minimum sentencing range.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Ted C. Farmer,* for defendant on appeal.

Before: HOOD, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. Following a bench trial in Detroit Recorder's Court on May 9 and 10, 1984, defendant was found guilty of unarmed robbery, MCL 750.530; MSA 28.798, and assault with intent to commit unarmed robbery, MCL 750.88; MSA 28.283. Defendant was acquitted on an additional charge of assault with intent to commit murder, MCL 750.83; MSA 28.278. He was sentenced to from 8 to 15 years in prison and he appeals as of right.

Defendant's first claim is that he was denied the effective assistance of counsel by his original trial counsel's failure to oppose the prosecutor's interlocutory appeal of the trial court's reduction of the charges against defendant.

Before trial, defendant's original counsel moved to reduce the charges claiming that the examining magistrate abused his discretion in binding over defendant for trial on the charges of armed robbery,[1] assault with intent to rob while armed,[2] and assault with intent to commit murder.[3] The motion was granted and in an order dated January 31, 1984, the trial court reduced the charges to unarmed robbery,[4] assault with intent to do great bodily harm less than murder,[5] and assault with intent to rob while unarmed.[6] The prosecutor filed for leave to appeal with this Court and immediate consideration was granted. The defendant's counsel did not file a brief in opposition to the prosecution's application for leave to appeal to this Court. After determining that the examining magistrate did not abuse his discretion in binding defendant over for trial, in an order dated March 16, 1984, this Court vacated the January 31, 1984, order reducing the charges and remanded the case to Recorder's Court for reinstatement of the original charges and for trial.

Prior to trial, defendant dismissed his retained counsel and was appointed new counsel by the trial court. On the day of trial, defendant again requested a new attorney because his appointed counsel had refused to appeal from the adverse

[1] MCL 750.529; MSA 28.797.
[2] MCL 750.89; MSA 28.284.
[3] MCL 750.83; MSA 28.278.
[4] MCL 750.530; MSA 28.798.
[5] MCL 750.84; MSA 28.279.
[6] MCL 750.88; MSA 28.283.

decision that resulted from the prosecution's interlocutory appeal of the trial court's reduction of the charges. The trial court denied defendant's request for new counsel, finding that it had not been timely made. The trial court also concluded that such an appeal would be fruitless and would only serve to delay the defendant's trial.

Defendant asserts that he was denied the effective assistance of counsel by his original trial counsel's failure to oppose the prosecution's interlocutory appeal from a reduction in the charges, which resulted in the reinstatement of the original charges by this Court. According to the defendant, had his original counsel opposed the prosecution's appeal, this Court would have been convinced that the reduction of the charges was warranted and defendant would have gone to trial on the lesser charges, he would not have given up his right to a trial by jury and there was a good possibility he would have been convicted of lesser offenses.

A motion for a new trial or a request for an evidentiary hearing was not made by the defendant prior to the taking of this appeal. Thus, the exact reasons why the defendant's original counsel did not oppose the prosecution's appeal are not contained in the record. Generally, a motion for a new trial or for an evidentiary hearing is a prerequisite to appellate review of a claim of ineffective assistance of counsel. *People v Lawson,* 124 Mich App 371, 373; 335 NW2d 43 (1983). However, the absence of a motion for new trial or an evidentiary hearing is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit this Court to reach and decide the issue. *People v Cicotte,* 133 Mich App 630, 636; 349 NW2d 167 (1984). In the present case, because no motion for a new trial or an

evidentiary hearing was made, this Court's review of defendant's claim is limited to the present record.

In analyzing a federal constitution Sixth Amendment claim of ineffective assistance of counsel (US Const, Am VI) this Court follows the guidelines set forth in *Strickland v Washington*, — US —; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Vicuna*, 141 Mich App 486; 367 NW2d 887 (1985). For State of Michigan constitutional ineffective assistance of trial counsel claims (Const 1963, art 1, § 20), our courts follow the bifurcated *Garcia*[7] test.

Recently, in *Evitts v Lucey*, 469 US —; 105 S Ct 830; 83 L Ed 2d 821 (1985),[8] the United States Supreme Court held that, under the Due Process Clause of the Fourteenth Amendment, a criminal defendant is entitled to the effective assistance of appellate counsel in a first appeal as of right. See also *People v Centers*, 141 Mich App 364; 367 NW2d 397 (1985).

The importance of appellate counsel is explained by the *Evitts* Court:

"Just as a transcript may by rule or custom be a prerequisite to appellate review, the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits. See *Griffin v Illinois*, 351 US 12, 20; 76 S Ct 585, 591; 100 L Ed 891, 899 (1956).

[7] *People v Garcia*, 398 Mich 250, 264-266; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977).

[8] The *Evitts* Court did not find it necessary to decide the "content of appropriate standards for judging claims of ineffective assistance of appellate counsel" 105 S Ct 833, because there was no challenge to the district court's finding of ineffective assistance of appellate counsel. "Respondent alleges—and petitioners do not deny in this Court— that his counsel's failure to obey a simple court rule that could have such drastic consequences required this finding." *Id.*, 833. The sole inquiry before the Court was limited to the validity under due process grounds of Kentucky's action in dismissing the respondent's appeal (because of counsel's failure to file the statement of appeal).

Therefore, *Douglas v California,* 372 US 353; 83 S Ct 814; 9 L Ed 2d 811 (1963), recognized that the principles of *Griffin* required a State that afforded a right of appeal to make that appeal more than a 'meaningless ritual' by supplying an indigent appellant in a criminal case with an attorney. 372 US at 358; 83 S Ct at 817. This right to counsel is limited to the first appeal as of right, see *Ross v Moffitt,* 417 US 600; 94 S Ct 2437; 41 L Ed 2d 341 (1974), and the attorney need not advance *every* argument, regardless of merit, urged by the appellant, see *Jones v Barnes,* 463 US 745; 103 S Ct 3308; 77 L Ed 2d 987 (1983). But the attorney must be available to assist in preparing and submitting a brief to the appellate court, *Swenson v Bosler,* 386 US 258; 87 S Ct 996; 18 L Ed 2d 33 (1967) *(per curiam)* and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim. See *Anders v California,* 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967); see also *Entsminger v Iowa,* 386 US 748; 87 S Ct 1402; 18 L Ed 2d 501 (1967)." 105 S Ct 834-835. (Emphasis in original.)

When determining that "[a] first appeal as of right * * * is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney", the *Evitts* Court explained that "nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all". *Id.,* 836.

We point out the right to effective assistance of appellate counsel in a defendant's first appeal (after his conviction) as of right because the case before us poses an unusual set of circumstances. Defendant's trial counsel did not submit an *appellate* brief in response to the prosecutor's application for leave to appeal (a discretionary appeal)

from the circuit court's order reducing the charges against the defendant. Technically, on the facts, one could label trial counsel as an "appellate" counsel for the sole purpose of opposing the prosecutor's application for leave to appeal. We believe, however, that to characterize a trial counsel as a defendant's appellate counsel for pretrial proceedings and trial proceedings (this case does not present a situation where trial counsel also acts as appellate counsel in a post-conviction appeal as of right) would create confusion with the roles of that of trial counsel and that of appellate counsel for a defendant's first appeal as of right after the defendant's conviction.

Therefore, it is our opinion that, throughout pretrial, trial and sentencing proceedings, trial counsel remains "trial counsel" even though he or she, during the course of a defendant's representation, is faced with various appellate duties and, thus, wears the hats of both trial and "appellate" counsel. Thus, for purposes of the instant case, defense counsel's pretrial failure to file an appellate brief in opposition to the prosecutor's application for leave to appeal to this Court will be treated as an omission committed by trial counsel rather than as a failure to represent the defendant as appellate counsel.

The basic rule in Michigan is that "[f]or a defendant to prevail on a claim of ineffective assistance of counsel, the record must support the claim and exclude all hypotheses consistent with the view that the trial attorney represented him adequately". *People v Pawelczak,* 125 Mich App 231, 240; 336 NW2d 453 (1983), citing *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973). Under *Strickland, supra,* the defendant identified the act or omission of counsel that is "alleged not to have been the result of reasonable professional

judgment". 104 S Ct 2066. Under *Garcia, supra,* defendant identified the serious mistake but for which he claims he would have had a reasonably likely chance for acquittal.

After a review of the preliminary examination transcript, it is our opinion that the evidence supported the original bind-over charges, as a previous panel of this Court has already determined. The defendant, therefore, was not prejudiced by the failure of defense counsel to oppose the prosecutor's application for leave to appeal, although the defendant was required to stand trial on the original charges. The defendant was convicted on lesser offenses and acquitted on one principal charge. We recognize that the prior panel's decision is binding authority and we have only examined the proceedings below for the purpose of reviewing the present record to determine if the details surrounding the alleged deficiency in counsel's performance were contained in the record.

We cannot conclude that counsel's failure to perform (file a brief) was a matter of trial strategy even if counsel believed that opposing the prosecutor's application for leave was fruitless, because our determination is made after the fact, and we are mindful of the cases cited in *Evitts, supra,* which have dealt with an appellate counsel's failure to file an appellate brief. We find that this particular act standing alone was not so egregious that we could conclude that the defendant was denied the effective assistance of counsel under either the first prong in *Garcia, supra* (constitutionally effective), or under the second prong (was not a mistake so serious but for which, defendant would have had a reasonably likely chance for acquittal). *Garcia, supra.* Under *Strickland, supra,* counsel's deficient performance was not an error "so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment". 104 S Ct 2064. Defendant was not deprived of a fair trial as contemplated by either the *Strickland* or *Garcia* opinions. The record indicates that defendant was adequately represented at trial and received a fair trial.

Defendant's next claim is that the trial court abused its discretion in refusing to grant the defendant a new lawyer and a continuance on the day of trial.

On March 21, 1984, the trial court granted defendant's retained counsel his motion for leave to withdraw from the case. New counsel was appointed for the defendant. On the day of trial, defendant requested appointment of new counsel because his appointed counsel refused to appeal from this Court's reinstatement of the original charges. The trial judge denied the defendant's request for a new attorney because the request had not been timely made. In addition, the court determined that the defendant's attempt to take an interlocutory appeal to the Supreme Court to challenge the reinstatement of the charges would be futile and, thus, refused the defendant a continuance. Defendant argues that the reasons given by the trial court for denying his request establish an abuse of discretion. We disagree.

An indigent defendant is constitutionally guaranteed the right to counsel, however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979), *lv den* 409 Mich 936 (1980). Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. *People v Ginther, supra; People v Meyers (On Remand),* 124 Mich

App 148, 165; 335 NW2d 189 (1983). A trial court's decision on a request for substitution or a continuance will not be reversed on appeal absent a showing of an abuse of discretion. *People v Meyers (On Remand), supra.*

In our opinion, the trial judge did not abuse his discretion. Defendant's request for substituted counsel was not timely made and was not supported by a showing of good cause. The defendant's sole reason for seeking a continuance and new counsel was so he could pursue an interlocutory appeal concerning a reduction in the charges. Both the trial court and his appointed counsel concluded that such an appeal would have been futile and would only serve to unnecessarily delay the defendant's trial and they were right. In addition, the substitution of counsel on the day of trial would have significantly disrupted the judicial process by requiring an adjournment in order to permit the substituted counsel to become familiar with the case. The trial court considered all these factors prior to denying the defendant's request.

Defendant's last claim is that the trial court abused its discretion in imposing a sentence on the defendant which exceeded the sentencing guidelines range.

The recommended minimum guidelines range for the defendant's convictions was from 3 to 4 years. However, the trial court was of the opinion that a more severe sentence was warranted and defendant was sentenced to a minimum of 8 and a maximum of 15 years. The trial court believed that the guidelines were not appropriate for the crimes committed and, in view of the defendant's prior record and the nature of the instant crimes, the court departed from the *suggested* guidelines.

Defendant asserts that, because the age of the complainants and the defendant's prior record are

factors which are already considered in the sentencing guidelines, it was impermissible for the trial judge to rely upon the same factors to exceed the recommended minimum sentencing range. We disagree.

In *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), the Michigan Supreme Court expanded the scope of appellate review of sentencing to allow review of the trial court's exercise of discretion in sentencing. The Court required that the "trial court state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed". *Id.,* 550. The appellate courts must now remand the case to the trial court for resentencing where they find that the sentence imposed in a particular case shocks the judicial conscience. *Id.,* 550; *People v Gistover,* 131 Mich App 313; 345 NW2d 703 (1984).

The Michigan Supreme Court, by Administrative Order No. 1984-1, 418 Mich lxxx, ordered the courts in Michigan to utilize the sentencing guidelines. The purpose for ordering the application of the sentencing guidelines was to evaluate the guidelines themselves and to facilitate judicial review of sentencing pursuant to *People v Coles, supra.* The Court further ordered, however, that a sentencing judge is permitted to depart from the recommended minimum ranges imposed by the guidelines providing he follows the departure policy set forth in the guidelines and states the reasons for such departure on the record. Thus, it is clear that the sentencing ranges in the sentencing guidelines are not mandatory and do not set binding limits on the exercise of the trial court's discretion in sentencing. Because the guidelines ranges are not mandatory and do not set outer

limits, when a trial court exercises its discretion to depart from the guidelines, the exercise of that discretion can only be reviewed under the *Coles* standard of whether the sentence imposed shocks the judicial conscience.

In the present case, however, the defendant does not maintain that the sentence imposed shocks the judicial conscience. Instead, defendant argues that the trial court abused its discretion in exceeding the guidelines sentencing ranges based upon the same factors already considered in the guidelines. It is not an abuse of discretion for the trial court to rely on some of the same factors already considered in the sentencing guidelines as a basis for departing from the recommended minimum sentencing range. The sentencing judge may justifiably conclude that the guidelines give inadequate weight to certain factors or that the facts of the case warrant a more severe sentence.

Our conscience is not shocked. The reasons for departure were adequately explained.

Affirmed.