PEOPLE v KLEINHARDT

Docket No. 93538. Submitted September 14, 1987, at Lansing. Decided November 2, 1987.

William J. Kleinhardt was charged with breaking and entering a building with intent to commit larceny, Muskegon Circuit Court. Pursuant to a plea agreement, defendant pled guilty to larceny over $100 and was sentenced to from forty to sixty months in prison, James M. Graves, Jr., J. The trial judge gave as reasons for his departure from the sentencing guidelines his belief that the guidelines failed to give sufficient weight to defendant's prior record and status as an escapee at the time of the commission of the crime and the fact that rehabilitation had not taken place during defendant's previous incarcerations. Defendant appealed.

The Court of Appeals *held:*

A sentencing judge is permitted to depart from the recommended minimum ranges imposed by the sentencing guidelines where he follows the departure policy set forth in the guidelines and states the reasons for such departure on the record. It is not an abuse of discretion for a judge to rely on some of the same factors already considered in the sentencing guidelines as a basis for departing from the recommended minimum sentencing range. The sentence did not shock the conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing judge is permitted to depart from the recommended minimum ranges imposed by the sentencing guidelines where he follows the departure policy set forth in the guidelines and states the reasons for such departure on the record; the judge's exercise of discretion in this regard will be reviewed to determine whether the sentence imposed shocks the judicial con-

REFERENCES

Am Jur 2d, Criminal Law §§ 588 *et seq.*

Validity of statutes prohibiting or restricting parole, probation, or suspension of sentence in cases of violent crimes. 100 ALR3d 431.

State court's power to place defendant on probation without imposition of sentence. 56 ALR3d 932.

science; it is not an abuse of discretion for a judge to rely on some of the same factors already considered in the sentencing guidelines as a basis for departing from the recommended minimum sentencing range.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Kenneth B. Even,* Assistant Prosecuting Attorney, for the people.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Douglas M. Hughes*), for defendant.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

M. J. KELLY, P.J. Following a preliminary examination on February 5, 1986, defendant was bound over on a charge of breaking and entering of a building with intent to commit larceny, MCL 750.110; MSA 28.305. Subsequently, following a plea agreement, Count II was added charging defendant with larceny over $100, MCL 750.356; MSA 28.588. In exchange for dropping the charge of breaking and entering with intent to commit larceny (now Count I), and the promise by the prosecutor not to pursue charging defendant for a separate undertaking that would have resulted in an additional charge similar to the one dropped, defendant pled guilty to Count II on March 31, 1986. On appeal defendant contends that the sentence he received should shock the judicial conscience and it therefore requires reversal. We disagree.

The guidelines sentence range in this case recommended a minimum sentence of from twelve to twenty-four months. Defendant was sentenced to a minimum of forty months and a maximum of sixty months. On the Sentence Information Report the

trial judge gave the following reasons for departure: "I do not feel that the guidelines give sufficient weight to defendant's seven prior felony convictions or the fact that defendant was on prison escape status when he committed the instant offense." At sentencing the trial judge stated he departed from the guidelines and imposed the sentence because during defendant's previous incarcerations rehabilitation had not taken place. The sentence defendant received in this case was made consecutive to the term he was serving at the time of the offense, but concurrent with his sentence for escape from prison.

On appeal, defendant argues that the trial judge's departure from the guideline recommendation was not justifiable and resulted in a sentence that should shock the conscience of this Court. In *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983), the Supreme Court stated that an appellate court may afford relief to a defendant if "the trial court, in imposing sentence, abused its discretion to the extent that it shocks the conscience of the appellate court."

Defendant argues that the sentence imposed by the trial court exceeds the rational bounds of decency. In *People v Coles, supra,* an excessive sentence was defined as one "which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it." *Id.,* pp 542-543.

Admitting that departure from the guidelines may in a given case be proper, defendant argues that the reasons given by the trial court for departure here were, if not explicitly then implicitly, incorporated into the variables used to generate the recommended minimum sentence range. Therefore, defendant argues, since there was no

independent justification for departure the departure here was presumptively improper. Defendant contends that a reasonable sentence in this instance would be one that conformed to the guideline range of twenty-four months.

This Court has previously held that it is not an abuse of discretion for a judge to rely on some of the same factors considered in the sentencing guidelines as a basis for departure. See *People v Kenneth Johnson,* 144 Mich App 125, 137; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985), where defendant did not claim that his sentence should shock the conscience but that the sentencing judge abused his discretion by considering the same factors considered in the guideline recommendations to justify departure; *People v Naugle,* 152 Mich App 227, 237; 393 NW2d 592 (1986), where defendant raised the same issue as presented here, and this Court held that a sentencing judge was free to reconsider and give more weight to a factor included in the sentencing guidelines; and *People v Garland,* 152 Mich App 301, 310; 393 NW2d 896 (1986), where the same factors that were considered in the guidelines were again considered in departure because the sentencing judge did not feel the guidelines adequately met the requirements of the case.

Since defendant's sentence fell within the maximum sentence allowed by statute, the sentencing judge articulated reasons for departure, the decision in *People v Kenneth Johnson* withstood review by the Supreme Court, and the minimum sentence in this case only exceeded the twenty-four month guideline recommendation by sixteen months, we hold that the sentencing judge did not abuse his discretion on the facts presented here.

Affirmed.