*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 14, 2021

Plaintiff-Appellee,

v

No. 350002
St. Clair Circuit Court
LC No. 18-003087-FC

ERIC JAY JABLONSKI,

Defendant-Appellant.

Before: LETICA, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), (2)(b); and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a), (2)(b); for sexually abusing his young daughter. Defendant challenges the sufficiency of the evidence presented by the prosecution. However, his daughter's testimony and description of events sufficed to support his convictions. We affirm.

## I. BACKGROUND

In December 2017, the state removed five young children from the care of defendant and his wife and placed them in foster care. At the time, the family was living with the children's maternal great-grandmother in a small, two-bedroom home. Defendant's wife died from an overdose in March 2018. In November 2018, defendant wrote to his children, indicating that he would see them soon. This prompted defendant's then seven-year-old daughter, OO, to write two notes to her foster mother describing sexual abuse perpetrated by her father while the family lived with her great-grandmother.

OO eventually revealed that defendant sexually assaulted her on several occasions. OO slept with her father and one or two other siblings on an air mattress in the dining room of her great-grandmother's home. OO always lay next to her father. She described that defendant penetrated her vagina and anus with both his penis and finger and sexually touched her genital areas.

OO's accounts led to defendant's ultimate convictions for four counts of CSC-I and two counts of CSC-II.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant now challenges the sufficiency of the evidence supporting his convictions and contends that the trial court erred in denying his motion for directed verdict after the prosecution's case-in-chief. We review de novo a defendant's challenge to the sufficiency of the evidence, "view[ing] the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 758; 597 NW2d 130 (1999) (quotation marks and citation omitted). In making our assessment, we do "not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses." *People v Kosik*, 303 Mich App 146, 150; 841 NW2d 906 (2013). "It is for the trier of fact, rather than this Court, to determine what inferences can be fairly drawn from the evidence and to determine the weight to be afforded to the inferences." *Id*. at 150-151. The same standard of review applies to motions for directed verdict. *People v Powell*, 278 Mich App 318, 320 n 1; 750 NW2d 607 (2008).

Defendant contends that his two CSC-I convictions for penile penetration were insupportable as were his convictions for CSC-II. He asserts that OO provided contradictory testimony regarding whether defendant penetrated her with his penis and never "explicitly" described penetration, and that her testimony was not supported by medical evidence. He further asserts that there was no evidence of sexual touching outside of the charged acts of penetration.

Regarding her allegation that defendant penetrated both her vagina and anus with his penis, OO testified:

> [*The Prosecutor*]: . . . When he got into bed with you did any part of his body touch your body?
>
> [*The Victim*]: Yeah, his fingers, his hand, and his pee pee, and butt.
>
> * * *
>
> [*The Prosecutor*]: And so tell me about a time that he touched, he put his, he did something to you with his pee pee?
>
> * * *
>
> [*The Prosecutor*]: Did it feel the same as when he used his fingers or different?
>
> [*The Victim*]: It felt different.
>
> [*The Prosecutor*]: Different how?

[*The Victim*]:  Like the fingers hurt more.

[*The Prosecutor*]:  And when he took his pee pee where did he put it exactly?

[*The Victim*]:  My pee pee and butt.

[*The Prosecutor*]:  Did he touch you on the outside or on the inside?

[*The Victim*]:  I can't remember.

[*The Prosecutor*]:  And do you think that his pee pee went inside, like his fingers.

[*The Victim*]:  Um, I think, no, I don't know.

* * *

[*The Prosecutor*]:  So do you remember where his pee pee went on your body?

[*The Victim*]:  My pee pee and butt.

[*The Prosecutor*]:  Inside or outside?

[*The Victim*]:  Inside.

[*The Prosecutor*]:  Was inside - - do you think that it went inside a little bit or a lot?

[*The Victim*]:  I don't know.

[*The Prosecutor*]: Do you think that it went inside as far as his finger went inside or not as far?

[*The Victim*]:  Um, I don't know.

This was not the only evidence presented on the subject.  In a note young OO wrote to her foster mother, OO described an incident during which defendant "put his pepe in my pepe alout of times four five minets i new he was done because i didn't fell it any more.  [Defendant] put his pepe in my buttwhole.  I didn't tell him to stop caus i didn't want to mak him sad but it hurts."  The prosecutor questioned OO about each allegation in the note and OO confirmed that the events occurred as described.

As noted by defendant, OO's testimony was not supported by medical evidence.  However, "[t]he testimony of a victim need not be corroborated" to support a CSC conviction.  MCL 750.520h.  The "victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016).

Moreover, contrary to defendant's insistence, OO did explicitly describe penile penetration. OO specifically asserted in a note that defendant put his "pepe" into her vagina and anus. OO confirmed the accuracy of the note at trial. OO could not describe how far defendant's penis traveled, but this is of no consequence. As defined by MCL 750.520a(r), " '[s]exual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, *however slight*, of any part of a person's body . . . ." (Emphasis added.)

And any inconsistency in OO's testimony was for the jury to resolve, not this Court. As noted, we do "not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses." *Kosik*, 303 Mich App at 150.

Record evidence also supported defendant's CSC-II convictions. MCL 750.520a(q) defines the "sexual contact" necessary to support these convictions as "the intentional touching of the victim's . . . intimate parts or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts, if that intentional touching can reasonably be construed as being . . . done for a sexual purpose . . . ." OO testified that defendant touched her every night at bedtime with his penis, hands, and fingers on her "pee pee and butt." This touching was in addition to the penetration OO described.

Defendant contends that OO was required to describe acts separate and distinct from the acts underlying the CSC-I charges to support separate convictions for CSC-II. Defendant was charged with only six acts of sexual assault despite that the abuse purportedly occurred almost every night over a six-month period. There is no reason to believe that each CSC-II charge arose from the same individual incidents that led to the CSC-I charges. Indeed, the prosecution need not cite, let alone prove, that specific acts of sexual abuse occurred on specific dates in cases involving young children. See *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007); *People v Naugle*, 152 Mich App 227, 235-236; 393 NW2d 592 (1986); M Crim JI 3.10a.

On this record, we discern no ground to interfere with the jury's rulings. The prosecution presented adequate evidence from the victim to support defendant's convictions.

We affirm.

/s/ Anica Letica
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

-4-