PEOPLE v TERRY MILLER (ON REMAND)

Docket No. 129647. Submitted June 7, 1990, at Lansing. Decided January 2, 1991, at 9:05 A.M.

Terry E. Miller was convicted of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct following a jury trial in Emmet Circuit Court, Richard M. Pajtas, J., as a result of multiple acts of sexual abuse by the defendant of a five-year-old boy at the child care center at which he was employed. The defendant was sentenced to life imprisonment on the first-degree criminal sexual conduct conviction and a term of from ten to fifteen years' imprisonment on the second-degree criminal sexual conduct conviction. The defendant appealed, and the Court of Appeals affirmed, but remanded for resentencing. 165 Mich App 32 (1987). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *People v Engelman,* 434 Mich 204 (1990). 434 Mich 915 (1990). At issue is the finding by the Court of Appeals that the trial court did not abuse its discretion in admitting the testimony of another five-year-old child concerning acts of sexual abuse by the defendant.

On remand, the Court of Appeals *held:*

*People v Engelman* does not require a change in the result of this case. Unlike *Engelman,* the challenged testimony in this case is probative of the defendant's scheme, plan, or system in committing the charged act. Moreover, the challenged testimony would also be admissible as evidence of the defendant's modus operandi.

Affirmed.

CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — JUDICIAL DISCRETION.

It was not an abuse of discretion for the trial court in a criminal trial involving alleged acts of sexual abuse of a five-year-old victim at a child care center to permit another child at the

REFERENCES

Am Jur 2d, Evidence § 321.

Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.

center to testify that the defendant committed similar acts of sexual abuse of the witness under similar circumstances (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John F. Salan,* Prosecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

*Lester O. Pollak,* for the defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and CYNAR and SAWYER, JJ.

PER CURIAM. On remand from our Supreme Court, we have been asked to reconsider our opinion in *People v Miller,* 165 Mich App 32; 418 NW2d 668 (1987), in light of our Supreme Court's recent decision in *People v Engelman,* 434 Mich 204; 453 NW2d 656 (1990). 434 Mich 915 (1990). On reconsideration, we once again affirm defendant's convictions of one count of criminal sexual conduct in the first degree, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a).

At issue is the admissibility of similar acts evidence pursuant to MRE 404(b). In our previous opinion, we concluded that the trial court did not abuse its discretion in admitting into evidence the testimony of a five-year-old child concerning acts of sexual abuse by defendant. In so doing, we determined that all four of the following safeguards were satisfied:

(1) [T]here must be substantial evidence that the

defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and, in light of the slightly different language of MRE 404(b) we add, opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice. [*People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982).]

See *Miller, supra,* pp 41-43.

Defendant did not contest the first *Golochowicz* requirement. With respect to the remaining safeguards, we noted:

> The second requirement "refers to the relationship between the charged and uncharged offenses which supplies the link between them and assures thereby that evidence of the separate offense is probative of some fact other than defendant's bad character." *Golochowicz, supra,* p 310. In this case, there is a high degree of similarity between the prior acts and the charged offenses. The testimony of the victim indicated that defendant touched the victim's penis in the block and snack areas of the learning center. The other child testified that defendant performed fellatio on him in the house area and placed his finger in the boy's buttocks in the loft area. The common elements include defendant's use of his finger to penetrate the boys and repeated use of the loft area and other secluded places in the learning center to accomplish these acts. Also, both children were five years old, and defendant had access to them by virtue of his employment at the learning center. All of these acts tended to show a "special circumstance" between the charged and uncharged offenses.

Thirdly, defendant's scheme, plan, system or opportunity were material to the case. Evidence probative of a matter "in issue" is material. *People v Oliphant,* 399 Mich 472, 489; 250 NW2d 443 (1976). Here, the prior acts were probative of defendant's plan, scheme or opportunity. The similar acts evidence showed that defendant took the opportunity to engage in sexual activity when the children were in locations at the learning center where he could not be seen.

Finally, the evidence was highly probative to establish defendant's conduct and motive. Any prejudicial effect was limited due to the judge's instruction to the jury to consider the similar acts evidence solely to determine a scheme, plan or system of the defendant. Defendant has not established error. [165 Mich App 42-43.]

We do not find that *Engelman* requires us to change the result in this case. In *Engelman,* the defendant was convicted, following a jury trial, of third-degree criminal sexual conduct involving the sexual penetration of a fifteen-year-old boy. The defendant claimed error in the admission, under MRE 404(b), of a photograph showing him standing nude with his arm around a minor female who is exposing herself. In holding that admission of the photograph was error, the Supreme Court did not overturn or alter its holding in *Golochowicz, supra.* Rather, the Court determined that, under *Golochowicz,* the photograph was not evidence probative of the defendant's scheme, plan, or system in doing the charged act, because:

[I]n our view the record in this case does not establish a "true plan" on defendant's part. This is not a case in which the evidence of the uncharged act shows "that the defendant in fact and in mind formed a plan including the charged and uncharged crimes as stages in the plan's execution." Imwinkelried [Uncharged Misconduct Evidence],

§ 3:21, p 53. The defendant in this case did not have a single plan which encompassed both of these acts, and it does not appear on this record that the acts were in different stages of the same, comprehensive plan. The trial court, therefore, erred in admitting the photograph, on this record, as evidence of the defendant's scheme, plan, or system in committing the act. [*Engelman, supra,* p 221.]

With respect to whether the photograph was admissible as evidence of defendant's modus operandi, the Court stated:

Like proof of a common scheme, plan, or system, evidence of the defendant's modus operandi in committing acts such as this clearly would be material to establish the doing of the act in this case. Yet, without any testimony from the other acts witnesses to the circumstances surrounding the taking of the photograph, the photograph alone does not establish such an inference. On this record, therefore, the photograph was not admissible to prove the defendant's modus operandi. [*Engelman, supra,* p 222.]

In this case, however, quite a bit more is plainly involved. The child who testified, like the victim, was a five-year-old boy who attended the same learning center and who was sexually molested by defendant in the same manner and in the same or similarly secluded areas of the school. We find no reason to believe, in light of *Engelman,* that the child's testimony is any less probative of defendant's scheme, plan, or system in committing the charged act than we did in our previous opinion.

Moreover, though not a basis for the trial court's ruling in this case, we find that the challenged testimony would also have been admissible as evidence of defendant's modus operandi.

Consequently, we reaffirm defendant's convictions.