# Order

Michigan Supreme Court
Lansing, Michigan

May 18, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151899

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                        SC: 151899
                                        COA: 321012
                                        Eaton CC: 13-020404-FC

ERNESTO EVARISTO URIBE,
        Defendant-Appellant.

_____/

On March 10, 2016, the Court heard oral argument on the application for leave to appeal the May 12, 2015 judgment of the Court of Appeals. The application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals. The Court of Appeals analysis of whether the Eaton Circuit Court reversibly erred by excluding the proposed MCL 768.27a evidence under MRE 403 is flawed in several central respects. Most notably, the Court of Appeals failed to duly acknowledge and consider the following legal principles, which this Court articulated in *People v Watkins*, 491 Mich 450 (2012): (1) the trial court's evidentiary ruling is "review[ed] for an abuse of discretion," *id*. at 467; (2) while MCL 768.27a prevails over MRE 404(b) as to evidence that falls within the statute's scope, the statute does not mandate the admission of all such evidence, but rather "the Legislature necessarily contemplated that evidence admissible under the statute need not be considered in all cases and that whether and which evidence would be considered would be a matter of judicial discretion, as guided by the [non-MRE 404(b)] rules of evidence," including MRE 403 and the "other ordinary rules of evidence, such as those pertaining to hearsay and privilege," *id*. at 484-485; and (3) there are "several considerations" that may properly inform a court's decision to exclude such evidence under MRE 403, including but not limited to "the dissimilarity between the other acts and the charged crime" and "the lack of reliability of the evidence supporting the occurrence of the other acts," *id*. at 487-488.

While we vacate the Court of Appeals judgment in full, we nonetheless reach the same result: we conclude that the proposed testimony falls within the scope of MCL

768.27a and that the trial court's exclusion of that evidence, when properly evaluated under MRE 403 and *Watkins*, amounted to an abuse of discretion warranting reversal. In ruling the proposed testimony inadmissible under MRE 403, the trial court, citing the illustrative list of "considerations" in *Watkins*, expressed concern regarding apparent inconsistencies between the proposed testimony and prior statements made by the witness, and certain dissimilarities between the other act and the charged offenses. The trial court, however, failed to explain—and this Court, on review of the record, fails to see—how or why these concerns were sufficient in this case to render the "probative value [of the proposed testimony] . . . substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," as required for exclusion under MRE 403. *Id*. at 481. The list of "considerations" in *Watkins* provides a tool to facilitate, not a standard to supplant, this proper MRE 403 analysis, and it remains the court's "responsibility" to carry out such an analysis in determining whether to exclude MCL 768.27a evidence under that rule. See *id*. at 489-490. The trial court misconstrued *Watkins* and neglected this fundamental responsibility in its evidentiary analysis; as a result of these legal errors, the court abused its discretion by excluding the proposed testimony under MRE 403. Accordingly, we REVERSE the trial court's ruling to that effect and we REMAND this case to the Eaton Circuit Court for further proceedings not inconsistent with this order.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 18, 2016

Clerk

s0511