# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROMUALDO FIESTA GABUT,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2017

No. 329606
Washtenaw Circuit Court
LC No. 14-000027-FC

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

A jury found defendant guilty of two counts of CSC-I, MCL 750.520b(2)(b) (victim under 13), and two counts of CSC-II, MCL 750.520c(1)(a) (victim under 13). The trial court sentenced defendant to serve concurrent sentences of 25 to 50 years prison sentence for each CSC-I conviction and a 7 to 15 years prison sentence for each CSC-II conviction. For the reasons set forth in this opinion, we affirm the convictions of defendant.

## I. BACKGROUND

This matter comes to this court following the victim reporting to a counselor that she had been sexually abused by defendant. Defendant, who is the uncle of the victim in this case, was accused by the victim of engaging her in sexual acts when the two were either alone in the home of the victim's mother or when there was another adult in the house who was incapacitated.[1] In addition to the complaints of the victim in this case, during the course of their investigation, police learned that another of defendant's nieces (hereinafter niece) claimed that defendant had sexually assaulted her, at the same house, when the niece was a minor.

Pursuant to MCL 768.27a plaintiff sought to admit the testimony of the niece at trial. Plaintiff asserted that the evidence of past criminal sexual conduct was relevant to whether

---

[1] Defendant also lived in the home with the victim, the victim's mother and grandmother. The grandmother died prior to trial.

-1-

defendant committed the charged offenses against the victim, the victim's truthfulness, defendant's intent, and to rebut any claim of accident or mistake. Additionally plaintiff argued, "the probative value of the other-acts evidence . . . substantially outweighs any possibility of unfair prejudice."

Conversely, defendant argued that the niece's testimony should be excluded because it was not "legally and logically relevant," as it would not make the victim's testimony any more or less truthful. Additionally defendant argued that the "high degree of similarity" between the allegations would "confuse the jury and prejudice [it] against . . . [d]efendant before [it has] fully deliberated the evidence in the case at hand"; and defendant was not claiming accident or mistake. Defendant also argued that the evidence's probative value was substantially outweighed by the danger of undue prejudice because its "very limited probative value" was outweighed by the fact that the allegations were "'nearly identical' " to the allegations in this case.

After hearing arguments on the issue of the admissibility of the proffered evidence, the trial court concluded "that the notice is well-founded and that the evidence is admissible pursuant to the notice that's been filed." Defendant was convicted and sentenced as outlined above. This appeal then ensued focusing on the trial court's admission of the testimony of the niece.

## II. ANALYSIS

Defendant's issue on appeal is whether the trial court abused its discretion in permitting defendant's niece to testify pursuant to MCL 768.27a. We review a "trial court's decision to admit or exclude evidence . . . for a clear abuse of discretion," which occurs "when the trial court's decision falls outside the range of reasonable and principled outcomes." *People v Solloway*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 324559); slip op at 9.

MCL 768.27a(1) provides:

Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.[2]

---

[2] CSC-I and CSC-II are among the listed offenses. MCL 768.27a(2)(a); MCL 28.722(j), (w)(*iv*), and (w)(*v*).

"Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012), quoting MRE 401. Accordingly, under its clear language, MCL 768.27a "permits the admission of evidence" of "a defendant's propensity to commit a crime," notwithstanding MRE 404(b). *Id*. at 469-471, 475. Additionally, evidence can be relevant if offered to address a victim's truthfulness, *People v Mann*, 288 Mich App 114, 118; 792 NW2d 53 (2010), a victim's credibility, *Watkins*, 491 Mich at 492, a defendant's modus operandi, *id*., a defendant's common plan, scheme, or system of doing an act, *People v Masroor*, 313 Mich App 358, 367; 880 NW2d 812 (2015), lv gtd sub nom on other grounds *People v Steanhouse*, 499 Mich 934; 879 NW2d 252 (2016), a defendant's opportunity to commit a crime, *People v Miller*, 165 Mich App 32, 43; 418 NW2d 668 (1987), or a defendant's motive to commit a crime, *id*.

However, evidence offered pursuant to MCL 768.27a must still pass a MRE 403 balancing test. *People v Uribe*, 499 Mich 921, 922; 878 NW2d 474 (2016); *Watkins*, 491 Mich at 481. MRE 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence's probative value can be substantially outweighed by the danger of unfair prejudice when there "is an undue tendency [that the jury will] decide [the case] on an improper basis, [such as on] an emotional" basis, *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995), or when the evidence is " 'marginally probative' " and there is " 'a danger that [it] will be given undue or pre-emptive weight,' " *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909, mod on other grounds 450 Mich 1212 (1995), quoting *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735-736; 344 NW2d 347 (1983) (alteration added). The Court in *Watkins* provided the following illustrative, nonexclusive list of factors that could result in exclusion under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. . . . [*Watkins*, 491 Mich at 487-488.]

If evidence is admissible for a relevant purpose pursuant to MCL 768.27a and is not excluded by MRE 403, trial courts can instruct the jury on how to consider the evidence, "to ensure that the jury properly employs that evidence," *Watkins*, 491 Mich at 490, thereby mitigating any unfair prejudicial impact, *People v Pesquera*, 244 Mich App 305, 320; 625 NW2d 407 (2001). M Crim JI 20.28a is the model criminal jury instruction for considering MCL 768.27a evidence. *Watkins*, 491 Mich at 490.

In this case, defendant was charged with committing two counts of CSC-I and two counts of CSC-II against a minor, and his niece  that defendant committed, at least, CSC-II against her when she was a minor. Hence, MCL 768.27a is applicable.

Next, we turn our analysis to determine whether the niece's testimony was not prohibited by MRE 403. We begin by noting that plaintiff offered the evidence for a relevant purpose. MCL 768.27a; MRE 401. As previously stated, plaintiff asserted in its notice that the evidence was relevant to whether defendant committed the offenses against the victim, the victim's truthfulness, defendant's intent, and to rebut any claim of accident or mistake. Defendant correctly asserted before trial that the victim's credibility was the primary issue in the case. Due to the time lag between when the criminal sexual conduct occurred and the time when the victim reported the abuse to a counselor who then reported it to the police, plaintiff was unable to offer any physical evidence at trial. Rather, plaintiff offered the testimony of three witnesses—the victim, Police Officers Stephen Andrews and Eric Roth—and the latter's testimony stemmed in significant part from the victim's version of events. As testified to by the victim, other than defendant, she was the only eyewitness to the assaults. The niece's testimony of defendant's prior, similar acts committed against her in the same house when she was roughly the same age as the victim supported the victim's credibility. *Watkins*, 491 Mich at 492; *Mann*, 288 Mich App at 118. Further, the niece's testimony suggests that defendant intended to sexually assault the victim.

Review of the record also reveals that the niece's testimony was not substantially more prejudicial than probative.[3] The evidence was not " 'marginally probative.' " *Mills*, 450 Mich at 75-76, quoting *Sclafani*, 130 Mich App at 735-736. Rather, the niece's testimony was relevant to a variety of matters at issue, including defendant's intent, his propensity to commit criminal sexual conduct against minor relatives, his opportunity to commit the crimes, his modus operandi, and his use of a common scheme, plan or system of committing criminal sexual conduct. Significantly, the niece's testimony was highly relevant to the victim's credibility (a consideration bolstered by the tendency of the evidence to make it more probable that the other matters identified point to defendant's guilt).

Additionally, the *Watkins* factors allow for admission of the evidence. "[T]he acts are not so dissimilar as to preclude admission of [the niece's] other-acts evidence." *Solloway*, ___ Mich App at ___; slip op at 10 (applying the *Watkins* factors). Indeed, both sets of acts are quite similar. Both the victim and the niece testified that defendant repeatedly touched their vaginal areas (at least 15 times each) at the victim's home when they were between five and seven years old. Defendant concedes that the acts are similar, but argues that the high degree of similarity is actually prejudicial. This Court rejected such an argument in *Solloway*, ___ Mich App at ___; slip op at 10. In *Solloway*, this Court held that the question is not simply whether the evidence is prejudicial; rather, the question is whether the evidence is *unfairly* prejudicial. The prejudicial nature of the evidence recognized by defendant is a function of its high probative value. *Id.*, quoting *Watkins*, 491 Mich at 487 (" '[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference *in favor of* the evidence's probative value rather than its prejudicial effect.' ")

---

[3] The trial court is required to make a clear finding on this issue and erred when it failed to do so. *Uribe*, 499 Mich at 922. However, we find the trial court's omission harmless. See *Masroor*, 313 Mich App at 361, 367-368.

-4-

Additionally, we find that there exists a "temporal divide" between defendant's acts against the niece and the victim, as stressed by defendant. *Solloway*, ___ Mich App ___; slip op at 10. The niece testified that defendant abused her sometime around 1995, and the victim testified that defendant abused her between the time she was six or seven, which would be five to ten years later. However, "given how similar the acts are, the temporal divide between their occurrences, standing alone, does not preclude the evidence's admission. *Solloway*, ___ Mich App ___; slip op at 10. Indeed, the passage of time can be viewed as simply a function of when victims of a similar age were accessible. Further, there is no evidence of "any intervening acts that would weigh against the admissibility of [the niece's] other-acts evidence." *Id.* at ___ slip op at 11.

Additionally, defendant's other acts were not infrequent. *Watkins*, 491 Mich at 487-488. Rather, the niece testified that defendant molested her "[t]wenty or so" times over a "couple year[ ]" period. See *Solloway*, ___ Mich App ___; slip op at 10. When addressing "the lack of reliability of the evidence supporting the occurrence of the other acts," defendant argues that there is no evidence supporting the niece's testimony. *Watkins*, 491 Mich at 487-488. It is true that there was no physical evidence or eyewitness testimony offered to corroborate the niece's testimony. But as testified to by the niece, the validity of her allegations also constitutes the classic "he-said-she-said" situation. In this vein, Roth's testimony that the niece's testimony in court was consistent with what she told him before trial supports the reliability of the evidence.

Finally, defendant argues that the niece's testimony was not needed because plaintiff could seek a conviction based on the victim's testimony alone. *Watkins*, 491 Mich at 487-488. It is true that the crimes of CSC-I and CSC-II can be proven simply on the basis of the victim's testimony. MCL 750.520h. But defendant made the victim's credibility the focus of his defense. For example, defendant argued in closing that she "d[id]n't like" defendant, and that "kids get confused" and "make statements that aren't completely accurate." And under such a circumstance, other acts testimony from a second victim is properly admitted to corroborate the victim's testimony. See, e.g., *Solloway*, ___ Mich App ___; *Watkins*, 491 Mich at 492; slip op at 9-10; *Mann*, 288 Mich App at 118. That the jury might have convicted based on the victim's testimony alone does not mean that the jury necessarily must do so, or that the probability of conviction based on her testimony alone is so high that the other acts evidence was not needed.

Additionally, we note that the trial court instructed the jury how to consider the niece's testimony when it offered a jury instruction mirroring M Crim JI 20.28a:

> The prosecution has introduced evidence of claimed acts of sexual misconduct by the defendant with a minor, [the niece], for which he is not on trial. Before you may consider such acts as evidence against the defendant you must first find that the defendant actually committed those acts.

> If you find that the defendant did commit those acts you may consider them in deciding if the defendant committed the offense for which he is now on trial.

> You must not convict the defendant here solely because you think he is guilty of other bad conduct. The evidence must convince you beyond a

reasonable doubt that the defendant committed the crimes or you must find him not guilty.

Because "[i]t is well established that jurors are presumed to follow their instructions," *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), it can be presumed that this instruction mitigated the possible unfairly prejudicial effect of the niece's testimony, *Pesquera*, 244 Mich App at 320.[4]

Affirmed.

/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

---

[4] Plaintiff also argues on appeal that the niece's testimony was admissible under MRE 404(b). The trial court admitted the evidence under MCL 768.27a, not MRE 404(b). And MCL 768.27a allows admission of the evidence notwithstanding MRE 404(b). *Watkins*, 491 Mich at 469-471, 475; MCL 768.27. Therefore, we need not consider whether the niece's testimony was admissible pursuant to MRE 404(b).