*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DON PAUL MATTILA,

        Defendant-Appellant.

UNPUBLISHED
May 28, 2020

No. 345968
Marquette Circuit Court
LC No. 17-055609-FC

Before: RONAYNE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his conviction by a jury of second-degree criminal sexual conduct (person under 13 years of age) in violation of MCL 750.520c(2)(b). The trial court sentenced defendant to serve 3 to 15 years' imprisonment. We affirm.

## I. FACTUAL & PROCEDURAL BACKGROUND

AJ moved from Indiana to Michigan when she was 11 years old to live with her mother and defendant, her stepfather. AJ testified that defendant began sexually abusing her when she was approximately 12 years old.[1] The first time, when AJ's mother and brother were absent from the home, defendant took AJ to his bedroom and put her hand down his pants, but she did not touch his penis. Later that night, however, defendant took AJ from her bedroom to the living room, made her touch his penis and masturbate him under a blanket. AJ testified at trial that, from the age of 12 until 15 years old, defendant repeatedly sexually abused AJ. He took her to the basement and forced her to perform oral sex on him and had penile-vaginal intercourse with her starting when she was 12 years old. Defendant had sexual intercourse with her in the basement when her mother and brothers were sleeping, in his bedroom when they were gone, and in his truck during hunting trips on which he only took AJ. Defendant told AJ that, if she ever told anyone,

---

[1] AJ was 33 years old at the time of trial.

they would disbelieve her and she would be sent away. AJ told no one about the sexual assaults until she was approximately 16 years old.[2]

During February 2017, because she suffered from nightmares related to the sexual abuse she suffered as a child, AJ sent defendant a Facebook message challenging him regarding his sexual abuse. Defendant's then girlfriend, Mary Snell, intercepted the message. Snell became shocked and concerned and communicated with AJ. AJ told Snell that defendant was her stepfather at the time of the sexual abuse. Snell contacted CS, the stepdaughter of defendant's half-sister, about AJ's allegations because she had stayed with defendant and Snell for a week to babysit. CS informed Snell that defendant had sexual intercourse with her when she was approximately 14 or 15 years old. Snell reported AJ's allegations to the police who arrested defendant.

The initial charges against defendant in the instant case alleged criminal sexual acts by him against both AJ and CS. Before trial, the trial court held a hearing to determine whether the charges should be severed under MCR 6.120(B) and whether CS would be able to testify at defendant's trial on the charges related to AJ pursuant to MCL 768.27a. Following the hearing, the trial court concluded that the charges against defendant from AJ and CS should be severed under MCR 6.120(C). The trial court further concluded that MCL 768.27a applied in this case, and after analyzing the evidence thoroughly under MRE 403, denied defendant's motion, ruling that the testimony was not unfairly prejudicial to defendant.

At trial, CS testified that when she was 14 or 15 years old she lived with defendant for approximately one week during which defendant rubbed her legs and propositioned her for sexual intercourse, and then, later that night, he took CS from her bedroom down to the basement and had sexual intercourse with her. CS testified that defendant put his hand on her mouth and used his other hand to hold her hands together.

II. OTHER-ACTS EVIDENCE

Defendant argues that the trial court erred by admitting, pursuant to MCL 768.27a, CS's testimony of his commission of another sexual offense against a minor. We disagree.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67, 73 (2010). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). "Whether other-acts evidence is more prejudicial than probative is best left to the contemporaneous assessment of the trial court." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595, 607 (2005) (citation omitted). Further, "[a] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. (citation omitted). "In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *People v Head*, 323 Mich App 526, 540; 917 NW2d

---

[2] AJ testified that she moved back to Indiana and told her father of the sexual abuse and the local authorities were informed but no investigation resulted.

752 (2018) (quotation marks and citations omitted). "A preserved trial error in the admission of evidence does not constitute grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v Solloway*, 316 Mich App 174, 192; 891 NW2d 255 (2016) (quotation marks and citation omitted).

MCL 768.27a provides:

> (1) Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

> (2) As used in this section:

> (a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

> (b) "Minor" means an individual less than 18 years of age.

A listed offense includes among other offenses second-degree criminal sexual conduct, MCL 750.520c. See MCL 28.7222; *People v Dobek*, 274 Mich App 58; 88 n 16; 732 NW2d 546 (2007). In *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007), this Court held that, "[i]n cases involving the sexual abuse of minors, MCL 768.27a now allows the admission of other-acts evidence to demonstrate the likelihood of a defendant's criminal sexual behavior toward other minors." MCL 768.27a supersedes MRE 404(b) where applicable. *People v Watkins*, 491 Mich 450, 476-477, 481; 818 NW2d 296 (2012). Evidence admissible under MCL 768.27a is admissible "for its bearing on any matter to which it is relevant," including "to show a defendant's character and propensity to commit the charged crime." *Id*. at 470 (quotation marks and citation omitted). To be admissible, defendant's prior conduct and the charged offense need only be "of the same general category." *People v Duenaz*, 306 Mich App 85, 101; 854 NW2d 531 (2014) (quotation marks and citation omitted). Nevertheless, evidence admissible under MCL 768.27a may "be excluded under MRE 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *Watkins*, 491 Mich at 481, 486.

"[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. "[O]ther-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. To determine whether other-acts evidence under MCL 768.27a is overly prejudicial, a trial court may consider among other things:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at 487-488.]

Defendant does not dispute that MCL 768.27a applied to CS's testimony. Rather, defendant argues that the trial court did not properly analyze the admissibility of CS's testimony under MRE 403 and the *Watkins* factors. We disagree.

The record reflects that the criminal sexual conduct against AJ and CS were not dissimilar. AJ and CS were approximately the same age when defendant sexually assaulted them. In both instances, defendant had a familial relationship with the victims and the offenses were committed in defendant's home. The fact that defendant engaged in more acts of sexual abuse against AJ than CS does not make the acts so dissimilar that the probative value of the evidence was outweighed by the danger of unfair prejudice.

The trial court noted the temporal divide of approximately 20 years between the other-acts evidence involving CS and the charged offense related to acts against AJ. However, given the distinct similarities of the acts and the settings in which they took place, the temporal divide between their occurrences, standing alone, did not preclude the admission of CS's testimony under MCL 768.27a. *Solloway*, 316 Mich App at 195. Further, this Court has held that the remoteness of the other acts affects the weight of the evidence, not its admissibility. *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011).

Regarding the infrequency of the other acts, the trial court found that the other acts against CS occurred less frequently compared to the sexual abuse committed against AJ. The record reflects that the frequency related to the availability and accessibility of the victims to defendant. The trial court did not find anything relevant regarding the presence of intervening acts, other than the passage of time. The infrequency of the other acts and passage of time between defendant's criminal sexual conduct against the victims did not make the evidence less probative nor overly prejudicial. The evidence had particularly high probative value regarding defendant's selection of his victims because of their similar young ages and vulnerability, his ready access to the victims because they were in his home, and the manner and locations in which he sexually abused them. Additionally, no evidence established "any intervening acts that would weigh against the admissibility of the other-acts evidence." *Solloway*, 316 Mich App at 195.

Defendant asserts that the lack of reliability of the other-acts evidence weighed heavily against its admission. Although no physical evidence or eyewitness testimony corroborated CS's testimony, the trial court correctly noted that in criminal sexual conduct cases testimony of the victim is sufficient to sustain a conviction if it satisfies a jury beyond a reasonable doubt. See MCL 750.520h. The trial court did not abuse its discretion when it concluded that the apparent inconsistences in CS's statements were insufficient to exclude her testimony under MRE 403. See *People v Uribe*, 499 Mich 921, 922; 878 NW2d 474 (2016) (stating that the apparent inconsistency between the proposed testimony and prior statements made by a witness and dissimilarities of the acts were not, in and of itself, sufficient to render the probative value of the proposed testimony as unfairly prejudicial). Further, the record reflects that defendant tested CS's credibility through

cross-examination. It is the jury that determines "the credibility of testimony offered by witnesses." *People v Musser*, 494 Mich 337, 348-349; 835 NW2d 319 (2013).

The record reflects that a need existed for the other-acts evidence beyond AJ's testimony. While a conviction of second-degree criminal sexual conduct may be based on the victim's testimony, AJ's delay in reporting the abuse and lack of physical evidence necessitated the admission of the other-acts evidence because CS's testimony established that defendant had a propensity for sexually abusing similarly aged females while they were in defendant's care and in his home. Further, other-acts testimony from a second victim may be admitted to corroborate a victim's testimony when the defendant's defense focuses on the victim's credibility. See *Solloway*, 316 Mich App at 196; *Watkins*, 491 Mich at 492.

The other-acts evidence admitted under MCL 768.27a in this case was highly probative and relevant because it tended to show that defendant criminally sexually assaulted AJ. *Duenaz*, 306 Mich App at 100. The record reflects that the trial court carefully considered and weighed the *Watkins* factors in deciding to admit the evidence. Additionally, the trial court instructed the jury on how to consider CS's testimony. "Jurors are presumed to follow their instructions," *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003), and it can be presumed that the jury instruction "served to limit the danger of unfair prejudice by restricting use of the evidence," because the trial court instructed the jury that it could only consider the other-acts evidence if it found that defendant had actually committed the other acts and that it could not find defendant guilty solely on the basis of such other conduct. *People v Pesquera*, 244 Mich App 305, 320; 625 NW2d 407 (2001). Therefore, the trial court did not abuse its discretion.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence at trial to support his conviction of second-degree criminal sexual conduct. We disagree.

We review de novo challenges to the sufficiency of the evidence "to determine whether, when viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found all the elements of the charged crime to have been proven beyond a reasonable doubt." *People v Cox*, 268 Mich App 440, 443; 709 NW2d 152 (2005) (citation omitted).

> But more importantly, the standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences. [*People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citations, alteration, and emphasis omitted).]

To find defendant guilty of second-degree criminal sexual conduct in violation of MCL 750.520c(1)(a) and (2)(b) as charged, the prosecution had to prove beyond a reasonable doubt that defendant engaged in sexual contact with the victim when she was under 13 years of age. MCL

750.520c(1)(a). "Sexual contact" means "the intentional touching of the victim's or [defendant's] intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or [defendant's] intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner[.]" MCL 750.520a(q). "Intimate parts" include a person's "genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520a(f). "[W]hen determining whether touching could be reasonably construed as being for a sexual purpose, the conduct should be viewed objectively under a 'reasonable person' standard." *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016) (quotation marks and citation omitted).

In this case, AJ testified that she was approximately 12 years old when defendant forced her to put her hand on his penis and masturbate him. The ages of the parties at the relevant time are not in dispute. Defendant argues that the prosecution failed to present sufficient evidence for his conviction because of the lack of physical evidence and corroborating evidence. Defendant's argument lacks merit because "[t]he victim's testimony alone can provide sufficient evidence to support a conviction." *Id*. at 719 (citation omitted). Under MCL 750.520h, the victim's testimony does not require corroboration. Further, a "determination of witness credibility is the function of the jury and not of the reviewing court." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997).

Considering the evidence in a light most favorable to the prosecution, the prosecution presented sufficient evidence from which the jury could find that all the elements of second-degree criminal sexual conduct were proven beyond a reasonable doubt. *Cox*, 268 Mich App at 443.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford