*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

BRANDON MARTELL JONES,

Defendant-Appellee.

UNPUBLISHED
April 13, 2023

No. 362146
Ingham Circuit Court
LC No. 19-000351-FC

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Defendant is charged with first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (coerced or forced sexual penetration causing personal injury to victim). The prosecution appeals by leave granted[1] the trial court's order granting defendant's motion to exclude other-acts evidence noticed by the prosecution under MCL 768.27b. Finding that the court's exclusion of the subsequent other-acts evidence under MRE 403 was not outside the range of principled outcomes, we affirm.

## I. BACKGROUND

Defendant's charges arise out of an alleged sexual assault against the victim, CC, at a February 2019 party in a third person's home.[2] Defendant and CC met for the first time at the party. CC purchased cocaine from defendant during the party. Defendant allegedly lured CC into a secluded back room of the house under the guise of giving her more cocaine. Once in the room, defendant allegedly forcibly removed CC's pants and sexually penetrated her vagina with his penis. CC allegedly fought defendant and eventually escaped the room. CC immediately told a friend at the party about the sexual assault. When defendant discovered this, he allegedly took CC

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered December 13, 2022 (Docket No. 362146).

[2] Because defendant waived arraignment and preliminary examination, the available factual record is limited.

back into the secluded room, physically assaulted her, and threatened to kill her if she reported the sexual assault. Defendant does not dispute that he went into the room with CC, but he contends that they engaged in consensual sex.

In March 2022, the prosecution notified defendant of its intent to introduce evidence of other subsequent acts of sexual assault pursuant to MCL 768.27b. The prosecution explained that defendant stood charged with eight counts of CSC-I and other crimes in a separate case involving JW, who alleged that defendant sexually assaulted her in January 2021. The prosecution intended to introduce JW's testimony at the trial for defendant's assault of CC. It was anticipated that JW would testify that she had a two-week dating relationship with defendant and, over the course of several days, he held her captive in her own home and forcibly sexually penetrated her orally, vaginally, and anally multiple times.

Defendant moved to exclude JW's testimony. The trial court granted the motion and granted the prosecution a stay pending appeal. We granted the prosecution leave to appeal the court's order.

## II. ANALYSIS

The prosecution contends that the trial court abused its discretion by excluding evidence that defendant engaged in other acts of sexual assault. We disagree.

We review evidentiary challenges for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes. A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. at 251-252 (cleaned up). "[W]hether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021).

"Generally, under MRE 404(b), evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts." *Id*. at 384 (cleaned up). But in criminal actions alleging domestic violence or sexual assault, MCL 768.27b "in certain instances expands the admissibility of . . . other-acts evidence beyond the scope permitted by MRE 404(b)(1) . . . ." *People v Mack*, 493 Mich 1, 2-3; 825 NW2d 541 (2012).[3] MCL 768.27b provides in relevant part:

> (1) Except as provided in [MCL 768.27b(4)[4]], in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence

---

[3] Effective March 17, 2019, 2018 PA 372 amended MCL 768.27b to include offenses involving sexual assault.

[4] MCL 768.27b(4) limits the admissibility of other acts that occurred more than 10 years before the charged offense.

or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

* * *

(3) This section does not limit or preclude the admission or consideration of evidence under any other statute . . . rule of evidence, or case law.

* * *

(6) As used in this section:

* * *

(c) "Sexual assault" means a listed offense as that term is defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

We have observed that the purpose MCL 768.27b is to give a "complete picture" of the defendant's history, which will "shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (cleaned up). But evidence of other sexual assaults is not admissible if exclusion is warranted under MRE 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." " '[U]nfair prejudice' refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Parrott,* 335 Mich App 648, 681; 968 NW2d 548 (2021) (cleaned up). "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury[,]" *People v Musser*, 494 Mich 337, 357; 835 NW2d 319 (2013) (cleaned up), "or where it would be inequitable to allow use of the evidence." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

When analyzing whether MRE 403 precludes the admission of evidence, a court must balance various factors to determine whether the potential for unfair prejudice substantially outweighs the probative value, including:

the time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects. [*Blackston*, 481 Mich at 462.]

In *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012), our Supreme Court set forth a list of nonexclusive factors that may be considered when assessing whether other-acts evidence should be excluded under MRE 403:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other

acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*.][5]

These factors may "inform a court's decision" regarding the admission of other-acts evidence, but these factors do not supersede MRE 403's standards. *People v Uribe*, 499 Mich 921, 922; 878 NW2d 474 (2016).

In this case, the trial court found that there was a significant risk of unfair prejudice and excluded the evidence under MRE 403. First, there is a stark contrast in circumstances surrounding CC's and JW's allegations against defendant. CC alleged that defendant sexually assaulted her by forcibly penetrating her vagina at a party within a few hours of meeting her. But JW is expected to testify that defendant, with whom she was in a dating relationship at the time, allegedly held her captive in her home and repeatedly sexually assaulted her by penetrating her orally, vaginally, and anally over the course of several days two years after he allegedly assaulted CC. Further, because the other alleged acts involving JW have not resulted in a conviction, there are reliability concerns that present a risk of unfair prejudice that outweighs the evidence's probative value.[6] Finally, the evidence supporting the current charges is expected to come from CC's testimony, physical evidence, and several other witnesses that were present on the day of the assault. There is no need to supplement this evidence and testimony with JW's testimony.[7] While JW's testimony may have some probative value, the probative value is substantially outweighed by the risk of unfair

---

[5] The *Watkins* Court considered these factors when weighing evidence offered under a sister statute, MCL 768.27a. We note that our Supreme Court criticized this Court's reference to *Watkins* and our analogy between MCL 768.27a and MCL 768.27b in *People v Propp*, 330 Mich App 151; 946 NW2d 786 (2019), rev'd in part, vacated in part, 508 Mich 374; 976 NW2d 1 (2021). In reversing that portion of this Court's opinion, our Supreme Court concluded, "[G]iven that *Watkins* dealt with the application of MCL 768.27a, any reference to MCL 768.27b was only done for the sake of comparison. In other words, it was unnecessary in *Watkins* to examine MCL 768.27b in its entirety." *Propp*, 508 Mich at 385, 387. "[B]ecause there is no equivalent to MCL 768.27b(3) in MCL 768.27a," the Court determined that "any reliance on *Watkins*'s interpretation of MCL 768.27a is ultimately irrelevant to the meaning of MCL 768.27b" and whether certain hearsay statements concerning other acts is admissible. *Id*. at 385-386. The reasons identified by the Court in *Propp* do not affect the application of MRE 403 in the instant case. In fact, this Court on remand expressly declined to reconsider its analysis regarding the admissibility of the other-acts evidence under MRE 403. *People v Propp*, __ Mich App __, __; __ NW2d __ (2022) (Docket No. 343255); slip op at 2, lv pending.

[6] A court may consider "whether charges were filed or a conviction rendered when weighing the evidence under MRE 403." *Watkins*, 491 Mich. at 489.

[7] Cf. *People v Solloway*, 316 Mich App 174, 196; 891 NW2d 255 (2016) (holding that there was a need for the other-acts evidence beyond the victim's and the defendant's testimony because there were no eyewitnesses to corroborate the victim's testimony).

prejudice and thus the trial court did not abuse its discretion by excluding the evidence of defendant's alleged assaults on JW under MRE 403.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado